IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| KENNETH BARNETT, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION FILE NO. |
| | § | 2:15-cv-226-WCO-JCF |
| v. | § | |
| | § | |
| HOMEOWNER MANAGEMENT | § | JURY TRIAL DEMANDED |
| SERVICES INC., | § | |
| | § | |
| Defendant. | § | |

**FIRST AMENDED COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Kenneth Barnett ("Barnett") and hereby files this Complaint for Damages against Defendant Homeowner Management Services Inc. ("HMS") under the Federal Fair Debt Collections Practices Act, respectfully showing the Court as follows:

**Parties, Jurisdiction, and Venue**

1.

Barnett is an individual resident of the State of Georgia residing in Gwinnett County, Georgia.

2.

HMS is a profit corporation organized and existing under the laws of the State of Georgia. HMS maintains a principal office at P.O. Box 2458, Alpharetta,

Georgia 30023.  HMS may be served by serving its registered agent, Michael W. Crew, at 1260 Old Alpharetta Road, Alpharetta, Georgia 30005.  HMS is subject to jurisdiction and venue in this Court.

3.

This Court has jurisdiction over this matter pursuant to 11 U.S.C. § 1331 as the primary claims are brought under the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.  This Court has supplemental jurisdiction over the state law claims pursuant to 11 U.S.C. § 1367.

**Statement of Facts**

4.

Barnett is a homeowner and resident in the subdivision named Stonewater Creek, located in Hoschton, Gwinnett County, Georgia ("Stonewater").

5.

All residents of Stonewater are required to become members of Stonewater Creek Homeowners Association, Inc. ("HOA"), the mandatory homeowners association for Stonewater.

6.

Upon information and belief, HOA contracted with Defendant HMS to perform certain services, including but not limited to, collection of amounts alleged to be owed to HOA by the residents of Stonewater.

7.

Upon information and belief, HMS regularly engages in collection of debts asserted to be owed or due to others.

8.

In the spring of 2015, Barnett, with permission from the necessary architectural review board of the HOA, began construction of a fence on his property.

9.

However, due to significant weather events, Barnett was not able to complete construction of his fence as quickly as he originally intended and desired.

10.

On March 24, 2015, HMS, acting as a debt collector on behalf of HOA, prepared a letter addressed to Barnett notifying Barnett that HMS would implement a daily fine in the amount of $25.00 per day (the "Fine Letter") beginning on April 1, 2015 alleging that Barnett had violated the HOA covenants due to Barnett's inability to complete construction on the fence.

11.

The Fine Letter purported to give Barnett ten (10) days to appeal the decision to implement the fine.

12.

However, HMS intentionally did not actually send the Fine Letter until March 31, 2015 – seven (7) days after the date of the Fine Letter.

13.

Barnett did not receive the Fine Letter until April 2, 2015 – nine (9) days after the date of the letter and one (1) day after the alleged fines would begin to be implemented.

14.

As a result of HMS' intentional delay in sending the Fine Letter, Barnett was unable to timely exercise his rights to appeal the decision allegedly implementing the fines.

15.

The Fine Letter misrepresented the date which it was actually sent and was otherwise deceptive.

16.

In April 2015, HMS sent another letter to Barnett demanding payment from Barnett in the amount of $775.00, which included $150.00 as a "Daily Fine" and $25.00 for a "one time fee for Certified Violatin *[sic]* letter" (the "April Letter").

17.

The April Letter was an attempt to collect the alleged debt, but failed to include the notices and disclosures required under the Federal Fair Debt Collections Practices Act.

18.

In June 2015, HMS sent another letter to Barnett demanding payment from Barnett in the amount of $2,095.00, which included $1,425 of daily fines and $3.75 in interest (the "June Letter").

19.

Like the April Letter, the June Letter was an attempt to collect the alleged debt, but failed to include the notices and disclosures required under the Federal Fair Debt Collections Practices Act.

20.

In June 2015, counsel for Barnett sent a letter to HMS advising HMS that Barnett was represented by counsel and disputing the validity of the amounts alleged to be owed.

21.

In July 2015, HMS sent another letter directly to Barnett demanding payment from Barnett in the amount of $2,648.75, which included $2,275 of daily

fines plus another "one time fine of $25 for Certified Letter Fee" (the "July Letter").

22.

Like the April Letter and June Letter, the July Letter was an attempt to collect the alleged debt, but failed to include the notices and disclosures required under the Federal Fair Debt Collections Practices Act.

23.

In July 2015, HMS caused, or contributed to, the publication and/or dissemination of information that Barnett owed the alleged amounts to the public at large and/or persons unauthorized to receive such information.

24.

In October 2015, HMS sent another letter to Barnett demanding payment from Barnett on his account (the "October Letter"). Unlike the April Letter, June Letter, and July Letter, the October Letter, for the first time, did include the notices and disclosures required under the Federal Fair Debt Collections Practices Act. The inclusion of the notices and disclosures is an admission that HMS is governed by the Fair Debt Collections Practices Act.

## COUNT I – FAIR DEBT COLLECTIONS PRACTICES ACT

25.

Barnett incorporates the foregoing allegations as if set forth verbatim herein.

26.

Barnett is a "consumer" as defined by 15 U.S.C. § 1692a(3).

27.

HMS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

28.

The debts that HMS alleges to be owed by Barnett constitute a "debt" as defined by 15 U.S.C. § 1692a(5).

29.

The letters described herein constitute "communications" as defined by 15 U.S.C. § 1692a(2).

30.

HMS intentionally and repeatedly violated the Fair Debt Collections Practices Act by, among other things: a) communicating with Barnett despite having actual knowledge that Barnett was represented by counsel, in violation of 15 U.S.C. § 1692c; b) communicating with third parties concerning the alleged debt owed by Barnett, in violation of 15 U.S.C. § 1692c; c) threatening to implement fines and backdating notices of such alleged fines, which resulted in the deprivation of Barnett's appeal rights, in violation of 15 U.S.C. § 1692c; d) using false, deceptive, and unfair means to attempt to collect the alleged debt owed by Barnett, in violation of 15 U.S.C. § 1692e and § 1692f; e) failing to give proper

notice and disclosures required by 15 U.S.C. § 1692e; f) attempting to collect amounts alleged to be owed by Barnett that are not authorized by law or agreement, in violation of 15 U.S.C. § 1692f; g) failing to give proper notice and disclosures required by 15 U.S.C. § 1692g; and h) failing to properly validate the alleged debt after receiving notice of dispute.

31.

As a result of HMS' intentional violations of the Fair Debt Collections Practices Act, Barnett is entitled to damages against HMS in the amount of his actual damages, as determined by the enlightened conscience of a jury, plus statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), plus attorneys' fees and expenses pursuant to 15 U.S.C. § 1692k(a)(3).

## **COUNT II – TORTIOUS INTERFERENCE WITH CONTRACT RIGHTS**

32.

Barnett incorporates the foregoing allegations as if set forth verbatim herein.

33.

HMS and Holt Builders, LLC wanted to prevent Barnett from exercising his right to appeal and to challenge the alleged fines, because Barnett is one of several homeowners who have brought legal action against Holt Builders, LLC and certain of its members and/or agents for breach of fiduciary duty related to their mismanagement of HOA and conversion of HOA's funds.

34.

Holt Builders, LLC and HMS apparently believed that if Barnett was assessed fines, he would lose standing to bring his derivative claims against Holt Builders, LLC and others. In fact, Holt Builders, LLC has taken such position in the Superior Court of Gwinnett County and the Georgia Court of Appeals.

35.

Accordingly, HMS colluded with the members and/or agents of Holt Builders, LLC, who purport to be the officers and directors of the HOA, for the purposes of preventing Barnett from the right to appeal and challenge the alleged fines.

36.

As part of its plan, HMS intentionally and maliciously backdated the Fine Letter for the purpose of depriving Barnett from exercising his rights to appeal the alleged fines.

37.

HMS' intentional backdating of the Fine Letter did, in fact, deprive Barnett from the ability to appeal the alleged fines.

38.

HMS' actions caused Barnett to suffer damages in the amount to be determined by the enlightened conscience of a jury.

## COUNT III – NEGLIGENCE AND/OR GROSS NEGLIGENCE

39.

Barnett incorporates the foregoing allegations as if set forth verbatim herein.

40.

HMS had duty to timely notify Barnett of any fines imposed by the HOA and of any deadlines to appeal any notices or fines.

41.

HMS breached its duty to Barnett by failing to exercise even the slightest degree of care or lack of diligence in ensuring that Barnett was timely notified of the fines imposed by the HOA and of any deadlines to appeal any notices or fines.

42.

As a direct and proximate result of HMS' breach of its duty, Barnett was unable to exercise his right to appeal and has suffered damages in the amount to be determined by the enlightened conscience of a jury.

## COUNT IV – FRAUD

43.

Barnett incorporates the foregoing allegations as if set forth verbatim herein.

44.

The date of the Fine Letter was a material fact, because it was the date which the time to appeal allegedly began to accrue.

45.

In the Fine Letter, HMS intentionally misrepresented the date of the Fine Letter.

46.

HMS intentionally misrepresented the date of the Fine Letter for the purposes of deceiving Barnett and causing him harm.

47.

Barnett did, in fact, rely on such misrepresentations and understood his right to appeal had lapsed and was unable to exercise his right to appeal as a result of such misrepresentations.

48.

As a result of HMS' intentional misrepresentations, Barnett has been damaged in the amount to be determined by the enlightened conscience of a jury.

### COUNT V – ATTORNEYS' FEES AND EXPENSES

49.

Barnett incorporates the foregoing allegations as if set forth verbatim herein.

50.

HMS' actions as described herein were in bad faith, stubbornly litigious, and caused Barnett unnecessary trouble and expense. Accordingly, Barnett is entitled

to judgment against HMS in the amount of his reasonable attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11.

## COUNT VI – PUNITIVE DAMAGES

51.

Barnett incorporates the foregoing allegations as if set forth verbatim herein.

52.

HMS' actions as described herein were intentional, fraudulent, wanton, and showed HMS acted with the entire want of care for the consequences of its actions. Accordingly, Barnett is entitled to judgment against HMS for punitive damages in the amount determined by the enlightened conscience of a jury.

## JURY DEMAND

53.

Barnett demands a trial by jury on all issues so triable.

[EXECUTION FOLLOWS]

RESPECTFULLY SUBMITTED, this ___ day of _____, 2016.

                                          AARON M. KAPPLER
                                        Georgia State Bar No. 272533
                                        WILLIAM J. SHAUGHNESSY
                                        Georgia State Bar No. 118174

For the Firm of
THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092
Telephone: (770) 925-0111
Fax: (770) 925-8597
akappler@tokn.com
wshaughnessy@tokn.com
*Attorneys for Plaintiff*

## CERTIFICATE OF TYPE SIZE AND STYLE

Counsel certifies that the size and style of type used in the foregoing document is Times New Roman 14 point.

This ___ day of _____, 2016.

                                                 _____
                                                 AARON M. KAPPLER
                                                 Georgia State Bar No. 272533
                                                 WILLIAM J. SHAUGHNESSY
                                                 Georgia State Bar No. 118174

For the Firm of
THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South, Suite 300
Norcross, Georgia  30092
770-925-0111; fax 770-925-8597
akappler@tokn.com
wshaughnessy@tokn.com
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the foregoing **FIRST AMENDED COMPLAINT FOR DAMAGES** by using the Court's CM/ECF electronic filing system upon the following:

>David B. Fife, Esq.
>Lazega & Johanson LLC
>3520 Piedmont Road, NE
>Suite 415
>Atlanta, Georgia 30305

This ___ day of _____, 2016.

_____
AARON M. KAPPLER
Georgia State Bar No. 272533

For the Firm of
THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092
Telephone: (770) 925-0111
Fax: (770) 925-8597
akappler@tokn.com
*Attorneys for Plaintiff*

1587338_1.DOCX/kfg